COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUFFOLK SUPERIOR COURT
DOCKET NO.

ALEXIS TUBENS

Plaintiff

v.

JOHN DOE, individually and in his official capacity as a police officer

WILLIAM EVANS, in his official Capacity as the Chief of Police for the City of Boston

THE CITY OF BOSTON, a municipal corporation duly established under the laws of the Commonwealth of Massachusetts

Defendants

**CIVIL COMPLAINT AND JURY DEMAND**

**PARTIES**

1. The Plaintiff, Alexis Tubens, is an adult individual with a current place of residence at 20 Francis Street, City of Boston, Suffolk County, Commonwealth of Massachusetts.

2. The Defendant, John Doe is and was at all times pertinent to the allegations of this Complaint a police officer or collectively a group of approximately 7-10 police officers employed by the City of Boston and a citizen or citizens of the United States.

3. The Defendant, Chief of Police William Evans, is and was at all times pertinent to the allegations of this Complaint, the Chief of Police of the City of Boston, with a principal office at

1 Schroeder Plaza, Boston, Massachusetts and is responsible for the practices, conduct, and policies of the Boston Police Department and all of its individual members, including the adequate hiring, training, testing, instructing, supervising, controlling, investigating, and disciplining of police officers.

4. The Defendant, the City of Boston, is and was at all times pertinent to the allegations of this Complaint a municipal corporation duly established under the laws of the Commonwealth of Massachusetts with a principal office at One City Hall Plaza, Boston, MA 02201.

## STATEMENT OF FACTS

5. On May 2, 2014, Plaintiff met a friend of his Ayala in Roxbury, Massachusetts. After they visited a local park, Plaintiff and Ayala walked to Plaintiff's car and Plaintiff drove to a nearby Shell station located at 1600 Tremont Street to purchase gasoline. Upon arriving at the Shell station at approximately 7:00 pm, the Plaintiff drove past a set of pumps and around the back of the station and then stopped his vehicle between another set of pumps on the other side so that his vehicle was facing Tremont Street.

6. After the Plaintiff had parked his vehicle at the other set of pumps, several marked and unmarked police vehicles operated by members of the City of Boston Police Department entered the Shell Station and stopped in front of and surrounded the Plaintiff's vehicle, blocking his vehicle from exiting the station. At such time, approximately seven to ten City of Boston police officers, uniformed and plainclothes wearing, exited the vehicles. Several officers were armed with hand guns which were aimed at the Plaintiff and one of the plainclothes officers approached the front door of the Plaintiff's vehicle with his gun pointed at the Plaintiff. The officers then shouted at Plaintiff "get your hands up" and "put your fucking hands up." Plaintiff raised both

hands in compliance with the officers' instructions, at which time the plainclothes officer reached into Plaintiff's vehicle and opened the driver side door of his vehicle and forcefully grabbed and pulled Plaintiff by his left shoulder out of the vehicle. In response, Plaintiff said to the officer "what are you doing", "why are you doing this to me", and to "be careful", though the officer replied "shut up" and "let me do my job". The officer then proceeded to immediately handcuff Plaintiff with a set of metal handcuffs by pulling the Plaintiff's hands forcefully behind his back. The officer placed the handcuffs on the Plaintiff's hands in an extremely tight position causing him constant and excruciating pain. The officer then conducted a full and highly intrusive body search of Plaintiff which consisted of a pat down of his shoulders, chest, crotch, and legs. Several minutes later, a second plainclothes police officer appeared and conducted a second full and highly intrusive body search of Plaintiff which consisted of a pat down of his shoulders, chest, waist, crotch, and legs as well as a search of Plaintiff's shoes. After approximately fifteen minutes, one of the officers then physically grabbed Plaintiff and took him while handcuffed past the front of his vehicle and to a wooden fence located at the far right side of the station.

7. Thereafter, Plaintiff was detained by the police officers while handcuffed and standing near the fence. During this time, Plaintiff was guarded at all times by a police officer who interrogated him as to the reasons why he was at the station, where he had been previously, and what he had been doing earlier that day. While Plaintiff was being detained, several officers undertook a full and thorough search of his vehicle which consisted of opening and looking through the vehicle's glove compartment, console, searching the vehicle's back seat, and opening up and removing several items from Plaintiff's trunk. While he was being detained, Plaintiff informed the officer guarding him that he was experiencing severe pain in his hands as a

result of the handcuffs and pleaded with him to remove the handcuffs and to handcuff him instead with his hands in front so as alleviate his pain. However, the officer refused such requests, despite the fact that Plaintiff's hands were visibly trembling and he was groaning in pain. During this time, the officer said to Plaintiff "why are you shaking" and Plaintiff responded "I'm in pain." As Plaintiff was being detained, the officer forcefully removed the Plaintiff's hat and conducted a third body search of Plaintiff, including a search of his sweatshirt pockets. During this time, a crowd of people and onlookers appeared and gathered around the station to watch the police officers' actions and Plaintiff became the focus of their attention while he has being handcuffed, interrogated, and subjected to three physically invasive body searches.

8. After approximately fifteen minutes, another police officer approached Plaintiff and removed the handcuffs. After the handcuffs were removed, Plaintiff asked the officer why he had been detained, handcuffed and subjected to multiple searches and the officer told him to speak with an individual identified as "the captain" who was standing nearby. Plaintiff then walked towards another officer who had been identified as the captain and the person in charge and asked him as to the reasons why he had been stopped, handcuffed, and detained. In response, the officer told him that they were conducting a "drug investigation", and he then told Plaintiff to leave the station without any further explanation as to the officers' actions.

9. During the entire incident, Plaintiff acted and remained entirely passive, cooperative and respectful to the City of Boston police officers.

10. During the entire incident, the City of Boston police officers found no drugs, illegal substances, or any evidence of criminal wrongdoing on either Plaintiff's person or in his vehicle.

11. As a result of the actions of the City of Boston police officers, Plaintiff sustained multiple

and severe physical injuries, including a herniated disc in his cervical spine and chronic lower back pain.

12. Upon information and belief, the Defendant Evans and the Defendant City of Boston failed to adequately train, investigate, supervise and discipline the officers employed in the City of Boston Police Department.

**COUNT I: FALSE ARREST AND IMPRISONMENT**

13. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 12 as though fully stated herein.

14. As a direct and proximate result of the malicious, wanton and willful acts of the Defendants, acting under color of law, Plaintiff was intentionally and unlawfully subject to a *de facto* arrest and confined without his consent and without probable cause, and thereby deprived of rights guaranteed to him by the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution, and Part I, Article 10 of the Massachusetts Constitution.

15. Plaintiff is thereby entitled to damages and equitable relief under the Fourth, Fifth, Eight and Fourteen Amendments to the United States Constitution, 42 U.S.C. Sections 1983 and 1988, the Declaration of Rights under the Massachusetts Constitution, M.G.L. Chapter 12, section 11i, and under Massachusetts common law.

**COUNT II: EXCESSIVE FORCE, HARASSMENT AND INTIMIDATION**

16. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 15 as though fully stated herein.

17. As a direct and proximate result of the reckless, malicious, wanton and/or willful acts of the Defendants, acting under color of law, and by their use of excessive and unjustified force in

stopping, detaining, handcuffing, performing a *de facto* arrest and conducting several highly invasive searches on the person of Plaintiff, Plaintiff was deprived of his rights, privileges, and immunities as guaranteed by the United States Constitution as follows:

a. Plaintiff was deprived of his rights to be free of physical abuse, coercion and intimidation in violation of the Fifth and Fourteenth Amendments to the United States Constitution;

b. Plaintiff was deprived of his rights to be free from summary and cruel and unusual punishment as guaranteed by Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution; and,

c. Plaintiff was deprived of his right to due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

18. Plaintiff is thereby entitled to damages under 42 U.S.C. Sections 1983 and 1988, and M.G.L. Chapter 12, section 11i and other state laws.

## COUNT III: UNREASONABLE SEARCH AND SEIZURE

19. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 18 as though fully stated herein.

20. As a direct and proximate result of the intentional, wilful and malicious actions of the Defendants, acting under color of law, Plaintiff was subject to an unreasonable seizure of his person and property without his consent and devoid of a reasonable, articulable suspicion that Plaintiff or Ayala were involved in any criminal activity, and thereby deprived Plaintiff of rights guaranteed him by the Fourth and Fourteenth Amendments to the United States Constitution and Part I, Article I and XII of the Massachusetts Constitution.

21. As a direct and proximate result of the intentional, wilful, and malicious acts of the Defendants, acting under color of law, Plaintiff was subject to multiple unreasonable searches of

his person and property without his consent and without probable cause, and thereby deprived of rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution, and Part I, Article 10 of the Massachusetts Constitution.

**COUNT IV: ASSAULT AND BATTERY**

22. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 21 as though fully stated herein.

23. Defendant Doe did unlawfully commit an assault and battery against Plaintiff in violation of Massachusetts common law.

**COUNT V: RECKLESS AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

24. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein.

25. As a direct and proximate result of the acts of the Defendants, Plaintiff did suffer severe emotional distress, pain and suffering, mental anguish, humiliation and embarrassment of such severity and nature that no reasonable person could or should be expected to endure, and the Defendants knew or should have known that such acts would cause such emotional distress, pain and suffering, mental anguish, humiliation and embarrassment which was recklessly and or intentionally inflicted.

**COUNT VI: UNCONSTITUIONAL POLICY OR CUSTOM/NEGLIGENCE**

26. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 25 as though fully stated herein.

27. The Defendant Evans and Defendant City of Boston have failed to adequately train, instruct, supervise, control and discipline the Defendant Doe. This deliberate indifference has been grossly negligent.

28. With the knowledge of and under the direction of the Defendant Evans and the Defendant City of Boston, the Boston Police Department and its individual members, acting under color of law, have engaged in a pattern of conduct in violation of Plaintiff's constitutional rights. Defendant Evans and the Defendant City of Boston have failed to adequately train, instruct, supervise, control, and discipline Defendant Doe who denied Plaintiff his rights as guaranteed by the Fourth, Fifth, Sixth, Eighth and Fourteen Amendments to the United States Constitution as well as the Massachusetts Constitution.

29. The official policy, custom and/or usage of the Defendant Evans and the Defendant City of Boston is unconstitutional insofar as it dictates, encourages and/or permits officers to violate the rights of its citizens.

30. The official policy, custom and/or usage of the Defendant Evans and the Defendant City of Boston violates the Constitution of the United States and the Commonwealth of Massachusetts and caused the violations of Plaintiff as alleged in this Complaint.

31. Plaintiff is thereby entitled to damages and equitable relief under the United States Constitution, 42 U.S.C. Sections 1983 and 1988, M.G.L. Chapter 12, Section 11i, M.G.L. Chapter 258, Section 4 and other state laws as well as rights secured by the Massachusetts Constitution.

**COUNT VII: NEGLIGENCE/MASSACHUSETTS TORTS CLAIMS ACT**

32. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through

31 as though fully stated herein.

33. G.L. c. 258 §2 provides for a cause of action against the City of Boston, including any department, office, commission, board, agency or division thereof, for personal injuries arising from negligent conduct or omission of its employees while acting within the scope of their office or employment.

34. The Defendant Doe owed the Plaintiff a duty to exercise reasonable care in the performance of his duties which included *inter alia* to protect and serve the public welfare and to refrain from actions that infringe upon Plaintiff's constitutional and civil rights. By conducting an investigative stop and *de facto* arrest of the Plaintiff without probable cause or sufficient factual or legal basis, the Defendant Doe violated said duty.

35. The Defendant Evans and the Defendant City of Boston owed Plaintiff an affirmative duty to properly train, supervise, control and discipline officers and members of the City of Boston Police Department commensurate with the civil rights afforded individuals under the United States Constitution and Massachusetts Constitution. By failing to properly train, supervise, control and discipline the officers of the City of Boston Police Department, including the Defendant Doe, the Defendant Evans and the Defendant City of Boston breached said duty.

36. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered personal injury and damages, including multiple, severe, and ongoing injuries to his body and mind, medical bills and expenses, pain and suffering, emotional harm and distress, loss of income and impairment of his future earning capacity.

37. Plaintiff in no way caused or contributed to the cause of the accident or his resulting injuries.

38. Pursuant to G.L. c.258 §4, Plaintiff duly notified the Defendant City of Boston of his claim by letter of presentment received by the Massachusetts Office of Attorney General on June 16,

2015. See, Plaintiff's Exhibit A.

WHEREFORE, the Plaintiff, Mr. Alexis Tubens, hereby respectfully requests that this Court do the following:

1. Enter judgment in his favor and against the Defendants;
2. Award him damages, including punitive damages, interest, costs, and reasonable attorney's fees;
3. Award such other relief as may appear to this Court to be reasonable and just.

**JURY DEMAND**

The Plaintiff respectfully demands trial by jury as to each issue so triable.

Respectfully Submitted,
Alexis Tuben
By his Attorney,

Mark W. Miller

Mark W. Miller: BBO#634317
The Law Office of Mark W. Miller
390 Centre Street, Suite 1
Boston, MA 02130
(617) 477-3645

Dated: April 29, 2017

EXHIBIT A

MARK W. MILLER
ATTORNEY AND COUNSELOR AT LAW

376 CENTRE STREET
SUITE #1

BOSTON, MASSACHUSETTS 02130
WWW.MARKMILLERLAW.COM

TEL. (617) 477-3645
FAX. (617) 942-2954

June 16, 2015

CERTIFIED 7014 3460 0002 3701 7775

Hon. Martin J. Walsh
City of Boston
1 City Hall Plaza, Room 500
Boston, MA 02201-2013

(617) 635-4500

Regarding Our Client: Mr. Alexis Tubens
Our File Number.....: 001677
Case Description....: Civil Rights Violations/Police Negligence
Incident Date.......: May 2, 2014, at approximately 7:00 pm

**NOTICE OF PRESENTMENT OF CLAIM PURSUANT TO G.L. c.258§4**

Dear Mayor Walsh:

Please be advised that this office represents Mr. Alexis Tubens for injuries sustained as a result of an incident involving several members of the City of Boston, Police Department, in which the City of Boston, its officials, employees, and representatives were negligent.

On May 2, 2014, at the Shell Station at 1600 Tremont Street, Boston, MA, my client was the operator of a 2002 BMW 325-I that had pulled into the station to purchase some gasoline. Thereafter, several members of the City of Boston Police Department drove up in marked and unmarked police cruisers and with their weapons pointed at my client, they approached his vehicle and ordered that he immediately get out. While my client proceeded to carefully exit his vehicle in compliance with the officers' instructions, he was forcefully grabbed and pulled out of the vehicle by a police officer with excessive force, causing significant injury to his left shoulder. My client was then immediately hand-cuffed, subjected to a full and invasive pat- down search of his person by a plainclothes police officer, and taken to the side of the station near a fence where he was detained for approximately 30, during which time he requested several times that the handcuffs be removed since they were causing him excruciating pain, though such requests were denied by a police officer who kept watching

him at all times. While my client remained detained and under police custody, several police officers proceeded with the search of his vehicle for evidence of drugs, though no such evidence was ever found, as no drugs or other evidence of criminal activity were present in my client's vehicle. Finally, my client was advised by a police officer that he had been detained and his vehicle searched as part of a drug investigation, that no drugs or evidence of criminal activity had been found, and then his handcuffs were removed and my client was released from police captivity.

As a result of the negligent acts of the City of Boston Police Department, my client was subject to an unlawful search and seizure of his vehicle as well as person in violation of his constitutional rights under state and federal law, as said search was conducted without sufficient reason or cause. He was also negligently detained and physically restrained against his will in the course of said unlawful search and seizure, and he was subjected as well to the use of excessive force when he was pulled out of his vehicle, resulting in significant physical injuries. Further, it is clear in light of the circumstances of this incident that the City of Boston was negligent in the training and supervision of the policers who were present and who conducted the unlawful search and seizure.

As a result of the negligence of the City of Boston, my client sustained significant physical injuries, including a muscular/rotator cuff strain injury to his left shoulder as well as numbness in his left hand, which required emergency medical care and attention, and my client presented to Beth Israel Deaconess Medical Center forthwith for emergency medical care with complaints of severe left shoulder pain. Presently, my client continues to suffer from left shoulder pain and limitation as well as nightmares, anxiety and severe emotional distress and anguish as result of the above referenced incident.

This Notice is sent pursuant to the requirements of G.L. c.258 §4. Accordingly, please review this matter forthwith and contact my office regarding an amiable settlement of my client's claims. In the event that no response is received within six (6) months from the date of this notice, this office shall proceed to file a civil complaint for damages against the City of Boston on behalf of my client.

Thank you for your attention to this matter. If you have any questions, then please contact me at (617) 477-3645.

Forward all correspondence to the Boston office.

Sincerely,

Mark W. Miller

MWM/cr

CERTIFIED 7014 3460 0002 3701 7775

cc: Alexis Tubens



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

BOSTON MA 02201 OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006 — See Reverse for Instructions

7012 3460 0002 3701 7775



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

COMPLETE THIS SECTION ON DELIVERY

A. Signature — ☐ Agent ☐ Addressee
B. Received by (Printed Name) — C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7012 3460 0002 3701 7775

PS Form 3811, February 2004 — Domestic Return Receipt — 102595-02-M-1540