UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALEXIS TUBENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-11388-LTS |
| | ) | |
| JOHN DOE, WILLIAM EVANS, and THE CITY OF BOSTON, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

ORDER

November 8, 2017

SOROKIN, J.

Plaintiff Tubens's Motion to Amend (Doc. 15) is ALLOWED.

The Court considers the Motion to Dismiss (Doc. 6), the Memorandum in support of the Motion to Dismiss (Doc. 7), the Opposition (Doc. 14), and the Memorandum in support of the Motion to Amend (Doc. 16) as the briefing regarding the two claims that Tubens asserts against Defendant Evans and the Defendant City in the Amended Complaint. The Court DISMISSES Count VI of the Amended Complaint (Doc. 15-1 at 9-10) for failure to plead sufficiently a Monell claim, largely for the reasons set forth in the Memorandum in support of the Motion to Dismiss (Doc. 7 at 5-8). The Court notes, *inter alia*, that Tubens has not identified a specific policy or custom, has not described "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation," City of Canton v. Harris, 489 U.S. 378, 385 (1989), and has not alleged facts that would allow for an inference that the City or Evans "possessed the requisite level of fault, which is generally labeled in these sorts of cases as 'deliberate

indifference.'" Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 26 (1st Cir. 2005). Further, Tubens has offered no factual support for his conclusory assertion that the Defendants failed to properly train, teach, and instruct officers.

Count VII asserts that the Defendant City and Defendant Evans are liable for the alleged negligence of one or more police officers under the Massachusetts Tort Claims Act (MTCA), which creates a limited waiver of sovereign immunity such that municipalities may be held liable "in the same manner and to the same extent as private individuals under like circumstances." Sharon v. City of Newton, 437 Mass. 99, 111 (2002) (quoting M.G.L. c. 258, §2). Defendants note that Massachusetts courts have allowed supervisory negligence claims against municipalities only when the "municipality knew or should have known about an underlying, identifiable tort which was committed" by specific public employees. Kennedy v. Town of Billerica, 617 F.3d 520, 533 (1st Cir. 2010). The Court agrees with Defendants that the Amended Complaint contains no factual allegations supporting a theory of supervisory liability.

Under the MTCA, municipalities may also be vicariously liable for the negligence of employees acting within the scope of their employment, regardless of the care exercised in supervision. Patino v. City of Revere, 2014 WL 202760, 9 (D.Mass. 2014). Tubens's Amended Complaint alleges that the officers violated a duty to exercise reasonable care in the performance of their duties "by conducting an investigative stop and *de facto* arrest of the Plaintiff without probable cause or sufficient factual or legal basis[.]" Doc. 15-1 at 10. "Although it appears the events during an arrest can under some circumstances result in a finding of negligence," Patino 2014 WL at 9, the Amended Complaint alleges only false arrest and excessive force. These are intentional torts that cannot be brought against a municipality under the MTCA §10(c). Id. at 9-10 (finding that plaintiff's allegations of arrest-related negligence described false arrest and

excessive force and noting a lack of "authority for the proposition that Massachusetts law allows a claim for negligent use of excessive force"). Accordingly, the Court DISMISSES Count VII.

The Motion to Dismiss (Doc. 6) is DENIED AS MOOT in light of the Amended Complaint and the foregoing rulings.

The Motion for Discovery (Doc. 13) is DENIED WITHOUT PREJUDICE to renewal after discovery commences in the ordinary course except that, in light of the foregoing rulings, the Court treats the motion as a request for third party discovery. The Defendant City and Defendant Evans shall either (1) answer Interrogatories 2 and 3 appearing on page 2 of Doc. 13-1 by November 30, 2017 or (2) file an objection, by November 21, 2017, stating the basis for objecting to this narrow third party discovery.

The Motion for Stay of Discovery (Doc. 17) is DENIED AS MOOT.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge