UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALEXIS TUBENS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 17-11388-LTS |
| KEVIN SULLIVAN and DOMENIC COLUMBO, | ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 104) AND MOTION FOR EXTENSION OF TIME (DOC. NO. 109)

December 5, 2019

SOROKIN, J.

Pending before the Court are Plaintiff Alexis Tubens' Motion to Extend the Time, nunc pro tunc, for Tubens to perform service of the Amended Complaint on Officers Columbo and Sullivan, as well as the City of Boston's Motion to Dismiss the Amended Complaint for failure to serve within the time period allowed. The following facts are undisputed.[1]

Plaintiff filed this lawsuit on the last day of the three-year statute of limitations, naming the City, the police commissioner, and ten John Does. Doc. No. 1-1. The Court dismissed the City and the police commissioner but permitted the Plaintiff to take discovery in an effort to identify the John Doe officers named in the Complaint. Doc. No. 18. On April 17, 2018,

---

[1] Plaintiff's counsel makes various factual assertions in his memoranda but omits these factual assertions from the various affidavits he filed. The Court disregards these assertions because they are not established by way of an affidavit. See Local Rule 7.1(b)(1) ("Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.").

Plaintiff took the deposition of Officer Sullivan, during which Sullivan testified that he and Officer Columbo were present at Plaintiff's arrest on May 2, 2014, and that both had drawn their service weapons. Doc. No. 94-5 at 7. In addition, Plaintiff attended the deposition and recognized Officer Sullivan. Doc. No. 94-6 at 3. At that point, Plaintiff had sufficient evidence to amend the Complaint to add two new parties: Officer Sullivan and Officer Columbo. The Local Rules required Plaintiff to do so promptly: "Amendments adding parties shall be sought as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party." Local Rule 15.1(a). However, Plaintiff did not seek to amend his Complaint then. Rather, he took another 15 months of discovery in an effort to identify other officers against whom he might state a plausible claim. Of course, Plaintiff could have amended while taking additional discovery that might have identified additional officers.

In the end, on July 29, 2019, Plaintiff sought to amend his Complaint to add Officers Sullivan and Columbo, in addition to ten John Doe officers. Doc. No. 84. Local Rule 15.1 required service on the proposed new parties compliant with Federal Rule of Civil Procedure 5, here Officer Sullivan and Officer Columbo. Counsel certified compliance by virtue of serving the motion on counsel for the City. Id. at 7. Although the City did not object on this ground and the Court allowed the motion as to Officer Columbo and Officer Sullivan, the failure to serve Officer Columbo and Officer Sullivan possibly deprived them of the opportunity to object to the filling of the Amended Complaint, an opportunity to which they were entitled. In allowing the amendment, the Court cautioned Plaintiff that he was at the "outer bounds" of the time for relation back and required that he serve the Amended Complaint "within fourteen days." Doc. No. 103.

The fourteen-day period expired on October 22, 2019. Plaintiff did not effectuate service as to either officer within the fourteen-day period provided for by the Court's Order. Plaintiff did not attempt service within the fourteen-day period. Plaintiff did not seek to extend the time to serve within the fourteen-day period. Plainly, Plaintiff was aware of the Court's Order. Counsel for Plaintiff communicated with counsel for the City on October 9, inquiring as to whether the City would accept service for the Officers. Doc. No. 111-1 ¶ 2 (Affidavit of Nieve Anjomi, counsel for the City). Although the City agreed as to Officer Sullivan on October 11, id. ¶ 4, counsel took no further action.

On October 24, 2019, counsel for the City conferred with Plaintiff's counsel prior to filing the pending motion to dismiss. Doc. No. 104 at 5. During the conferral about the motion to dismiss—which was premised on Plaintiff's failure to serve either officer by October 22—Plaintiff's counsel asserted that he was not required to serve within fourteen days. See Doc. No. 111-1 ¶ 5. When confronted with the express terms of the Order, Plaintiff's counsel raised various staffing problems in his office. Id. ¶ 6.

On October 28, 2019, Plaintiff's counsel conferred prior to filing his motion to extend the deadline for serving the Amended Complaint to October 31, 2019. Doc. No. 109 at 7. In the course of that discussion, and given the pending motion to dismiss for failure to timely serve, counsel for the City revoked his prior agreement to accept service on behalf of Officer Sullivan. Doc. No. 111-1 ¶ 8. Thereafter, on October 31, 2018, Plaintiff served Officer Columbo by leaving a copy of the relevant service documents at his residence, Doc. No. 108, and, on October

28, 2019, purported to serve Officer Sullivan by leaving a copy of the relevant service documents with an employee of the City, Doc. No. 107.

Given the revocation of the City's offer to accept service on Officer Sullivan's behalf, Federal Rule of Civil Procedure 4(e)—which prescribes the proper means for service of a complaint on an individual— does not permit Plaintiff to leave a copy of the summons and complaint with an employee of the City. Fed. R. Civ. P. 4(e). Although substantial time has passed since the October 31 filing of the Motion to Amend, nothing before the Court suggests Plaintiff has attempted or effectuated proper service during this intervening time. Thus, the Court finds that Plaintiff has not yet served Officer Sullivan.

Plaintiff's counsel recognized this failure to effectuate proper service on Officer Sullivan in his sur-reply filed on November 26, stating that, in light of the City's revocation of its willingness to accept service for Sullivan, "Plaintiff would request that the Court allow him [sic] additional one week to perform service on Officer Sullivan in this case." Doc. No. 116 at 4. More than one week has elapsed since that filing and the record remains devoid of evidence that Plaintiff has effectuated proper service on Officer Sullivan.

The Court notes that the failure to serve Officer Sullivan within the time provided in the Court's order (or the proposed further extended period sought by Plaintiff) was not the first time the Plaintiff and his lawyer have demonstrated a lack of diligence. Doc. No. 103 (noting that Plaintiff failed to respond to a motion because Plaintiff's counsel had neglected to update his email address and mailing address on file with the Court, as required); Doc. No. 77 (noting that Plaintiff agreed to appear for a deposition and pay costs for previous refusals to appear only after the City filed a motion to compel Plaintiff's appearance). Accordingly, the Motion to Extend (Doc. No. 109) is DENIED AS MOOT as to Officer Sullivan. The Motion to Dismiss (Doc. No.

104) is ALLOWED as to Officer Sullivan because Plaintiff not only failed to effectuate service on him within the time provided by this Court's Order but also failed to effectuate service within the proposed extended time period or to date.

Regarding Officer Columbo, Plaintiff appears to have effectuated proper service during the proposed extended period for service. Because the operative complaint sues Officer Columbo in his individual and official capacities and the motion to amend the Complaint was not served upon him or his counsel, prior to ruling on the pending motions to dismiss and extend as to Officer Columbo, the Court will provide Officer Columbo an opportunity to file a response to the pending motions. Any such response shall be filed by December 13, 2019. Plaintiff's counsel shall mail a copy of this Order to Officer Columbo and shall provide it by mail and email to the attorney that represented Officer Columbo at his deposition.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge