UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALEXIS TUBENS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 17-11388-LTS |
| DOMENIC COLUMBO, | ) ) | |
| Defendant. | ) ) ) | |

ORDER ON PLAINTIFF'S MOTION TO EXTEND AND THE CITY OF BOSTON'S
MOTION TO DISMISS (DOC. NOS. 109, 104)

February 14, 2020

SOROKIN, J.

Now before the Court is Defendant Domenic Columbo's opposition to Plaintiff Alexis

Tuben's motion to extend the deadline to serve a Second Amended Complaint (Doc. No. 109), as

well as his memorandum of law in support of the City of Boston's motion to dismiss the case for

Plaintiff's failure to comply with this Court's October 8, 2019 Order (Doc. No. 104).

These filings come to the Court after a long history of delay and inattention to the Court's

rules. While the entire procedural history of this case is exhaustively recounted in the Court's

previous Order, Doc. No. 117, some points bear repeating here. First, in allowing Plaintiff's

motion to amend—which was filed some 15 months after Plaintiff first learned that Officers

Sullivan and Columbo were present at Plaintiff's arrest on May 2, 2014—the Court emphasized

that Plaintiff was already "at the outer bounds of the time period for relation back" and, as such,

granted Plaintiff fourteen days to serve his Second Amended Complaint on Officers Sullivan and

Columbo. Doc. No. 103. On October 22, 2019, that fourteen-day period came and went without

Plaintiff attempting to serve either officer. Doc. No. 117 at 3. Plaintiff did not, at any point

before its expiration, seek an extension of the fourteen-day deadline. Id. And, given that counsel

for Plaintiff communicated with opposing counsel during that fourteen-day period about

effectuating service, there can be no doubt that Plaintiff's counsel was aware of the Court's

deadline. Id. It was only on October 31, 2019—more than a week after the Court's deadline—

that Plaintiff served Officer Columbo by leaving a copy of the relevant service documents at his

residence. Doc. No. 108.

Under Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a

specified time, the court may, for good cause, extend the time . . . on motion made after the time

has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). Here,

Plaintiff's counsel blames his failure to comply with the Court's Order on "a major loss of staff

at his office," and informs the Court that "he has fallen behind in his work and has at times

become distracted due to the overall amount of work he has been doing recently[.]" Doc. No.

109 ⁋ 10. But, as the First Circuit has held, "counsels' inattention or carelessness, such as a

failure . . . to abide by an unambiguous court procedural rule, normally does not constitute

'excusable neglect.'" Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005). Moreover, the

First Circuit has repeatedly recognized "busyness and confusion over filing dates by counsel to

be inadequate to support a finding of excusable neglect." Deo-Agbasi v. Parthenon Grp., 229

F.R.D. 348, 352 (D. Mass. 2005). In fact, the First Circuit has also noted that "[m]ost attorneys

are busy most of the time and they must organize their work so as to be able to meet the time

requirements of matters they are handling or suffer the consequences." Pinero Schroeder v. Fed.

Nat. Mortg. Ass'n, 574 F.2d 1117, 1118 (1st Cir. 1978). While the Court must "give due regard

to the totality of the relevant circumstances surrounding the movant's lapse," such an inquiry

hinders, rather than aides, Plaintiff's cause.  Bennett v. City of Holyoke, 362 F.3d 1, 5 (1st Cir. 2004).  Indeed, counsel's actions come after numerous delays and failures to comport with the Court's procedural rules.  See Doc. No. 117.

Here, Plaintiff filed this action on the final day of a three-year statute of limitations period.  Doc. No. 1.  The Complaint, brought initially against several John Doe officers, alleged that Plaintiff's civil rights were violated during a 2014 incident when Plaintiff was allegedly subjected to excessive force and an unlawful arrest.  Doc. No. 1-1 ¶ 6.  On April 17, 2018, Plaintiff deposed Officer Sullivan, who informed Plaintiff that both he and Officer Columbo were present during the 2014 incident when the alleged civil rights violations occurred.  Doc. No. 34 ¶ 2.  Despite learning the identity of the two officers, Plaintiff did not then seek to amend the Complaint.  Doc. No. 104 ¶ 10-12.  Rather, Plaintiff requested seven separate extensions of the deadline to amend the Complaint, notwithstanding the Local Rule's admonition that "[a]mendments adding parties shall be sought as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party."  Local Rule 15.1(a).  At numerous junctures, Plaintiff's counsel demonstrated a lack of diligence in pursuing the case. See Doc. No. 77 (noting that Plaintiff agreed to appear for a deposition and pay costs for previous refusals to appear only after the City filed a motion to compel Plaintiff's appearance). Indeed, even when Plaintiff ultimately served Officer Columbo well past the fourteen-day period granted by the Court, Plaintiff's counsel did not then seek a motion to extend the deadline.  Doc. No. 109 (filing his motion to extend days after both the deadline for service expired and Plaintiff's effectuation of service).

In these circumstances, Plaintiff's motion to extend (Doc. No. 109) must be DENIED for lack of excusable neglect.  For this reason, the Court must also ALLOW the City of Boston's motion to dismiss (Doc. No. 104).  The Clerk shall close the case.

SO ORDERED.


 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge